IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANSTINE & MUSGROVE, INC., et al., )
)
                Plaintiffs, )
)
v.                  )    Case No. 10-1173-JWL
)
CALCASIEU REFINING COMPANY, et al., )
)
                Defendants. )
)
_____)

**MEMORANDUM AND ORDER**

In this action, 54 plaintiffs assert state-law claims against 17 defendants who allegedly purchased plaintiffs' oil and gas from intermediaries who then declared bankruptcy. Plaintiffs brought the suit in the District Court of Pratt County, Kansas, and 15 of the defendants subsequently removed the case to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452. Defendants Cimarron Transportation, LLC ("CT") and Crude Marketing & Transportation, Inc. ("CMT") did not join in the removal and have not appeared in this action. Plaintiffs have now filed a motion for remand of the entire case to the state court (Doc. # 37), on the ground that defendants did not unanimously consent to the removal. The 15 removing defendants[1] seek to transfer the case to the United States District Court for the District of Delaware, for referral to the bankruptcy court there, where the intermediaries' bankruptcy proceedings are pending,

---

[1] The Court will refer to these 15 defendants simply as "defendants" herein.

pursuant to 28 U.S.C. §§ 1404 and 1412 (Doc. ## 25, 27). Plaintiffs also have moved to stay consideration of the transfer motions until the remand motion is decided (Doc. # 46).

The Court concludes that unanimous consent of all defendants is not required under the bankruptcy removal statute; therefore, the Court **denies** plaintiffs' motion for remand. Plaintiffs have conceded that if the case is not remanded, it should be transferred. Accordingly, the Court **grants** defendants' transfer motions, and the case is ordered transferred to the United States District Court for the District of Delaware. Plaintiffs' motion to stay consideration of the transfer motions is **denied as moot**.

### I. Motion for Remand

28 U.S.C. § 1441(a) states that, except as otherwise provided by statute, any state-court "civil action" of which federal district courts have original jurisdiction "may be removed by the defendant or the defendants" to federal court. *Id.* The rule of unanimity requires generally, subject to certain exceptions, that all defendants join in a removal under Section 1441. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970)); *see also Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900) (because removal statute "is confined to the defendant or defendants, it was well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition"), *cited in Tri-Cities*

2

*Newspapers*, 427 F.2d at 326-27. Citing this rule of unanimity, plaintiffs seek remand in the present case, based on the failure of all 17 defendants to join in the suit. Defendants do not dispute that they failed to obtain the unanimous consent of all of the defendants named in the lawsuit.[2]

Defendants removed the case pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action" over which the federal district court has jurisdiction under Section 1334. 28 U.S.C. § 1452(a). Under Section 1334, a district court has original jurisdiction of "all cases under title 11 [the bankruptcy code]," and of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Defendants oppose remand, arguing that the consent of all defendants is not required for removal under Section 1452.

Courts have split on this issue whether the unanimity requirement applies to removals under Section 1452. A substantial majority of courts have agreed with the argument made by defendants here, ruling that the consent of all defendants is *not* required for removal under Section 1452. *See, e.g.*, *Arrow Oil & Gas, Inc. v. J. Aron & Co.*, 2010 WL 2898973, at \*1 (W.D. Okla. July 22, 2010) ("the weight of authority" is

---

[2]Named defendants CT and CMT did not join in the removal. Plaintiffs claim to have effected service on CT after having two mailings returned as undeliverable, but defendants dispute that plaintiffs properly served CT, which has been dissolved. Defendants do not dispute the service on CMT, however, and thus they do not dispute that their removal lacked unanimity.

3

that unanimity is not required); *PDG Los Arcos, LLC v. Adams (In re Mortgages Ltd.)*, 427 B.R. 780, 789 (D. Ariz. 2010) (following the "weight of authority" in refusing to require unanimity); *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 141 (D.N.H. 2009) ("[m]ost courts" have not required unanimity); *Parrett v. Bank One, N.A. (In re National Century Fin. Enters., Inc., Inv. Litig.)*, 323 F. Supp. 2d 861, 872 (S.D. Ohio 2004) (noting that "a majority of courts addressing the issue" have not required unanimity).

Courts in the majority have distinguished the language used in Section 1441, the general removal statute, from that used in Section 1452, the bankruptcy removal statute. As noted above, Section 1441 authorizes removal by "the defendant or the defendants," and the Supreme Court cited similar language in a predecessor statute in referring to the "well settled" unanimity rule as far back as 1900. *See Chicago, R.I. & P. Ry. Co.*, 178 U.S. at 247-48. In enacting Section 1452, however, Congress did not use that same language, but instead authorized removal of bankruptcy-related claims by "[a] party." Thus, most courts, including the Fourth and Second Circuits, have concluded that the statutes should be read differently and that Section 1441's unanimity requirement does not apply to Section 1452 removals. *See, e.g.*, *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) (in a Section 1441 case, all defendants must agree to the removal; "[u]nder the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties"); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) (citing

4

*Creasy* and concluding that because any one "party" can remove under Section 1452, such removal, unlike removal under Section 1441, may be without unanimous consent); *Parrett*, 323 F. Supp. 2d at 872 (following majority of courts that have focused on the plain language of the phrase "a party may remove," which differs from the language of Section 1441).[3]

The Tenth Circuit has not directly addressed this issue whether removal must be by unanimous consent under Section 1452. In *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321 (10th Cir. 1994), however, the Tenth Circuit noted that Section 1441 and Section 1452 provide separate bases for removal, and that the statutes simply overlap and could both authorize removal in bankruptcy-related cases. *See id.* at 323.[4] The Tenth Circuit did not state that removals under Section 1452 do not require unanimity, but it did point out that, while Section 1441 permits "'defendants' to remove 'any' civil action over which the district court has original jurisdiction," Section 1452, "on the other hand,

---

[3]The Ninth Circuit, while deciding a different issue, has stated that bankruptcy-related matters may be removed under Section 1452 "by one of the parties," although it did not conduct any analysis or cite any authority for that statement other than the statute itself. *See Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995); *Schulman v. Calif. (In re Lazar)*, 237 F.3d 967, 973 n.2 (quoting *Maitland* without analysis); *see also PDG*, 427 B.R. at 788 (noting that the issue has not been explicitly decided by the Ninth Circuit and that the Ninth Circuit's statement in *Maitland* constituted dicta).

[4]In *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), the Supreme Court confirmed that both Section 1441 and Section 1452 may provide the authority for a removal in a bankruptcy-related case, as "[t]here is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy." *See id.* at 128-29.

5

allows any 'party' to remove cases within the district court's bankruptcy jurisdiction." *See id.* Thus, the Tenth Circuit stressed the same textual difference that has prompted most courts not to require unanimity under Section 1452.

Defendants' position in this case is also supported by an unpublished opinion of the Tenth Circuit in *Goodman v. Medical Engineering Corp.*, 1999 WL 672303 (10th Cir. Aug. 30, 1999) (unpub. op.). In *Goodman*, a panel of the Tenth Circuit held that because one defendant had removed only the claims against it to federal court, the district court lacked jurisdiction to issue orders relating to claims against the other defendants. *See id.* In considering the removal as one under Section 1452, the court noted that although removal in the bankruptcy context is "theoretically possible" under Section 1441, the latter statute could not have been the basis for removal in that case, in part because the removal petition was not joined by all defendants. *See id.* at *2 (citing *Petrarca*, 516 U.S. at 128-29). Thus, the *Goodman* court implicitly acknowledged that although a removal under Section 1441 requires unanimity, a single defendant may effect a removal under Section 1452.

Plaintiffs argue that *Daleske* and *Petrarca* actually support their position, as the courts in those cases applied other removal provisions to removals under Section 1452. *See Petrarca*, 516 U.S. at 129 (reviewability bar of 28 U.S.C. § 1447(d) applies to removals under Section 1452); *Daleske*, 17 F.3d at 324 (attorney fee provision of 28 U.S.C. § 1447(c) applies in case of Section 1452 removal). Plaintiffs argue that Section 1441's unanimity requirement should likewise apply to Section 1452 removals. That

6

argument is not persuasive, however, as the unanimity requirement arises from the removal authorization found in Section 1441 itself. Section 1441 authorizes removal by all defendants, while Section 1452—a separate basis for removal—authorizes removal by any one defendant (or other party). The fact that some removal provisions may apply to either type of removal does not support grafting a limitation in one authorization for removal onto the other authorization.

This Court agrees with defendants and the weight of authority that the plain language of Section 1452 and the difference between that language and that found in Section 1441 compel the conclusion that unanimous consent is not required for a removal under Section 1452. More particularly, the unanimity requirement stems from specific language that is not found in the bankruptcy removal statute. In light of *Daleske* and *Goodman*, the Court is persuaded that the Tenth Circuit would give effect to this difference in language in this way.

Moreover, as several courts have noted, refusing to impose a unanimity requirement for bankruptcy removals comports with Congress's intent to grant broad and comprehensive jurisdiction over bankruptcy-related matters to federal bankruptcy courts. *See, e.g.*, *Arrow Oil*, 2010 WL 2898973, at *1 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)); *PDG*, 427 B.R. at 789 (same); *Parrett*, 323 F. Supp. 2d at 873; *Mt. McKinley Ins. Co. v. Corning, Inc.*, 2003 WL 1482786, at *6 (S.D.N.Y. Mar. 21, 2003), *vacated on other grounds*, 399 F.3d 436 (2d Cir. 2005).

Plaintiffs cite to the small number of cases in which courts have adopted or

favored the opposing view. *See Post Office Employees' Credit Union v. Lawyers Title Ins. Corp.*, 2010 WL 2836163, at *2-3 (E.D. La. July 16, 2010); *Orion Ref. Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 483-86 (E.D. La. 2004); *Retirement Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1261-64 (M.D. Ala. 2002); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 999-1002 (S.D. Iowa 2001).[5] This Court does not agree with the reasoning of the courts in the minority, however.

For instance, in *Ross*, the court rejected the defendants' argument based on the language in Section 1452 allowing "a party" to remove, in light of the fact that 28 U.S.C. § 1446(a) similarly refers to "a defendant or defendants desiring to remove." *See Ross*, 178 F. Supp. 2d at 1002. Even the court in *Retirement Systems* (on which plaintiffs rely), however, criticized that reasoning, as the correct comparison is not to Section 1446 (which provides the procedure for removal), but to Section 1441, which, like Section 1452, provides a basis for removal jurisdiction. *See Retirement Sys.*, 209 F. Supp. 2d at

---

[5]In five other cases from the Eastern District of Louisiana, courts have stated that unanimity is required under Section 1452. Two of those courts did not conduct any analysis or cite any authority in finding non-unanimous bankruptcy removals to be defective. *See Hills v. Hernandez*, 1998 WL 241518, at *2 (E.D. La. May 12, 1998); *CMH, Inc. v. Canal Place Mgmt.*, 1993 WL 70252, at *1-3 (E.D. La. Mar. 10, 1993). In *Whitney National Bank v. Bunch*, 2001 WL 87443 (E.D. La. Jan. 30, 2001), the court, in dicta, cited only *Hills* without any independent analysis. *See id.* at *2 n.9. Two other courts simply followed *Orion* without further analysis. *See Sher, Garner, Cahill, Richter, Klein & Hilbert, L.L.C. v. McGlinchey Stafford, P.L.L.C. (In re Fee Agreement)*, 2010 WL 3303830, at *8 (E.D. La. Aug. 18, 2010); *Marshall v. Air Liquide-Big Three, Inc.*, 2007 WL 275898, at *2 (E.D. La. Jan. 24, 2007). *But see Joe Conte Toyota, Inc. v. Howell*, 1997 WL 222410, at *1 (E.D. La. Apr. 30, 1997) (following Fourth Circuit's opinion in *Creasy* and rejecting argument that unanimous consent is required for removal under Section 1452).

1263-64 & n.11; *see also Parrett*, 323 F. Supp. 2d at 872-73 (rejecting *Ross* court's comparison to Section 1446). The Supreme Court's opinion in *Petrarca* and the Tenth Circuit's opinion in *Daleske* confirm that the proper comparison is between Section 1441 and Section 1452, which provide separate bases for removal, and that comparison supports the majority view on this issue.

The other courts in the minority have relied on the fact that, while Section 1441 provides for removal of "any civil action," Section 1452 authorizes the removal of "any claim or cause of action." *See Post Office*, 2010 WL 2836163, at *3; *Orion*, 319 B.R. at 486; *Retirement Sys.*, 209 F. Supp. 2d at 1264. Based on that distinction and the failure of Congress to refer to an "action" in Section 1452, plaintiffs argue that a single defendant (in a multi-defendant case) may remove only the claims against it and may not remove the entire action to federal court. The Court rejects this argument and concludes that this difference in language does not preclude removal of *all* of the claims in a case without the consent of all defendants. Section 1441 does not permit the removal of discrete claims, but allows only the removal of the entire case. Section 1452, on the other hand, permits the removal of discrete claims that relate to a bankruptcy. The fact that the statute permits the removal of less than the entire case does not necessarily mean that the removal of the entire case is prohibited—a defendant could simply choose to remove each and every claim in the case (assuming all claims relate to a bankruptcy). The statute does not limit its authorization to the removal by "a party" of "any claim or cause of action" asserted *against that party*; thus, there is no textual support for

9

plaintiffs' argument that a defendant or defendants may not remove claims against other parties without the consent of those parties. The Court concludes that the most reasonable and logical interpretation of the statute is that any single party may remove any (or all) claims in the case over which the federal court could assert bankruptcy jurisdiction, without regard to which claims apply to which defendants.[6] Such an interpretation best serves the Congressional intent, noted above, to provide for broad and comprehensive federal jurisdiction over matters relating to bankruptcy cases. *See PDG*, 427 B.R. at 788-89 (rejecting argument that, under Section 1452, defendants may only remove claims and not the entire action).[7]

For these reasons, the Court concludes that there is no requirement that all defendants join in or consent to a removal under 28 U.S.C. § 1452. Accordingly, the Court denies plaintiffs' motion for remand.[8]

---

[6]Plaintiffs have not argued here that the federal courts would not have original bankruptcy jurisdiction over their claims against the two non-removing defendants; instead, plaintiffs intend to raise any such issues of subject matter jurisdiction with the transferee court. *See infra* Part II.

[7]The Court is not persuaded by plaintiffs' argument that allowing one defendant to remove claims against another defendant without the latter's consent could raise due process concerns, *see Retirement Sys.*, 209 F. Supp. 2d at 1264, in light of other accepted exceptions to the unanimity rule. *See, e.g.*, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (applying federal officer exception to unanimity rule); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992) (noting that unanimity requirement does not apply to FDIC removal statute); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376-77 (5th Cir. 1980) (discussing lack of unanimity requirement under foreign-state and federal-officer removal statutes).

[8]Even under plaintiffs' argument that a defendant may only remove the claims
(continued...)

10

## II.     **Transfer Motions**

Plaintiffs have conceded that, if their remand motion is denied, the case should be transferred so that the Delaware bankruptcy court may consider their challenges to federal jurisdiction. Accordingly, the Court grants defendants' motions to transfer the case.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for remand (Doc. # 37) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendants' motions to transfer the case (Doc. ## 25, 27) are **granted**, and the case is hereby transferred to the United States District Court for the District of Delaware.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to stay consideration of the transfer motions (Doc. # 46) is **denied as moot**.

---

[8](...continued)
against it, the removing defendants here would still have been allowed to remove all of the claims except those against two defendants (one of whom is a dissolved entity). Thus, even if the Court adopted the minority view, it would still allow defendants to remove the claims against it, despite their attempt to remove the entire action. *See Orion*, 319 B.R. at 486 (because the removing defendant could have removed some claims, court decided not to base remand on the lack of unanimity, instead citing other bases for remand).

IT IS SO ORDERED.

Dated this 8th day of September, 2010, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge